UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>SHARON KING<br><br>    Debtor.<br><br>Address:<br>440 E. 44th Way.<br>Long Beach, CA 90807<br><br>Last four digits of Social Security No.<br>1339<br><br>SHARON KING<br><br>    Plaintiff,<br><br>v.<br><br>FREMONT HOME LOAN TRUST 2006-C; HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2006; LITTON LOAN SERVICING LP; and Does 1 through 20 inclusive.<br><br>    Defendants. | CASE NO. 2:15-bk-20254-BR<br><br>Chapter 7<br><br><br><br><br>Adv. Proc. No<br><br><br><br><br>FILED<br>JUN 26 2015<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

COMPLAINT IN ADVERSARY PROCEEDINGS, FOR FRAUD

Plaintiff, Sharon king, hereby alleges as follows:

<u>JURISDICTION</u>

1. This Court has jurisdiction over the subject matter and the parties of this lawsuit based upon the fact that all transactions by and between the parties herein was conducted in Los

---

1

COMPLAINT IN ADVERSARY PROCEEDING

1 Angeles County, California, i.e., alleged Short Form Deed of Trust and Assignment's of Rent res:

2 Real Estate transactions were done in this State and County. The Bankruptcy Court's Central

3 District of California has jurisdiction to hear and determine Adversary Proceedings brought

4 pursuant to specific Code provisions; i.e., 11 USC Section 548 (fraudulent conveyance recovery),

5 28 USC Section 157(b)(1). As per LBR 7008-1 and FRBP 700B8(a) and 7012(b) this matter is a

6 Core Designation that is before this Court.

7    2. Venue is proper pursuant to 28 USC Section 1409(a).

## THE PARTIES

9    3. Plaintiff, Sharon King, is and at all relevant times herein mentioned was an individual

10 residing and doing business in Los Angeles County California.

11    4. Defendant, Fremont Home Loan Trust 2006-C, based on information and belief, is a

12 California Trust and at all relevant times herein mentioned was a Trust doing business in Los

13 Angeles County, California.

14    5. Defendant, HSBC Bank USA, National Association as Trustee under the Pooling and

15 Servicing Agreement Dated as of September 1, 2006. is and at all relevant times herein

16 mentioned was a Trust doing business in Los Angeles County, California.

17    6. Defendant Littion Loan Servicing LP, based on information and belief, is a California

18 Organization and at all relevant times herein mention was doing business in Los Angeles, County

19 California.

20    7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does

21 1 through 20, and therefore sue these Defendants by such fictitious names, however, each of the

22 fictitiously named Defendants is responsible in some manner for the occurrences herein alleged

23 and Plaintiffs' injuries were proximately caused thereby. The Plaintiff will amend this Adversary

24 Complaint to allege their true names and capacities when ascertained.

25    8. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,

1 Defendants and Does 1 through 20 were the agents, servants and employees of their co-
2 Defendants, and in doing the things hereinafter alleged were acting in the scope of their authority
3 as such agents, servants and employees, and with the permission and consent of their co-
4 Defendants.

<div style="text-align:center">FIRST CAUSE OF ACTION</div>

6   (Fraud and Deceit v. Fremont Home Loan Trust 2006-C, HSBC Bank USA, National
7 Association as Trustee Under the Pooling and Servicing Agreement Dated September 1, 2006;
8 Litton Loan Servicing LP.)

9. Plaintiff incorporate by reference each and every allegation contained in paragraphs 1 through 8 above as though fully set forth herein.

10. On October 19, 2010, Plaintiff filed a Petition Re: Chapter 7 Bankruptcy in the Central District of California. Defendants, Fremont Home Loan Trust 2006-C, and HSBC Bank USA, National Association, were not named in schedule D as creditors holding secured claims.

11. Defendant's and /or Fremont Home Loan Corporation, Subsidiary, Control Identity, or Benefactor of Fremont Home Loan Trust 2006-C, alleges that on July 18, 2006, Plaintiff took out a loan with Fremont Home Loan Corporation in the amount of $584,720.00 plus interest wherein Plaintiff had promised and agrees to pay this debt in regular Periodic Payments and to pay the debt in full not later than August 01, 2036.

12. Fremont Home Loan Corporation and its Trust, Fremont Home Loan Trust 2006-C further alleged that Plaintiff had an adjustable interest on the loan which started out at a rate 7.50%. The amount of the monthly payments on this loan was $4,217.27.

13. Defendants, and each of them, also alleged that the number of Pre-petition monthly payments, payments which became due and were not made by Plaintiff prior to the filing of her Chapter 7 Bankruptcy was 31 payments totaling an amount of $130,735.37. That Plaintiff's Post-Petition payments that were due after Plaintiff's Bankruptcy was filed was 1 totaling an amount

<div style="text-align:center">3

COMPLAINT IN ADVERSARY PROCEEDING</div>

000078

1  of $4,217.27.

2      14. Defendants, and each of them, and Fremont Home Loan Corporation further allege
3  that plaintiff's principal amount owed on this loan were $594,144.56, and Accrued interest on the
4  loan is $117,164.72, late charges $7,754.17; Attorney fees and other cost $24,594.36, advances
5  (Property Taxes and Insurance) $11,251.42, with a total claim of $ 754,909.23.

6      15. According to Defendants, A Short Form Deed of Trust was executed by Plaintiff to
7  secure the loan, note on the said property and the Deed was recorded on July 26, 2006, in the Los
8  Angeles County Recorder's Office as Instrument Number 06 1650410.

9      16. The primary issue here is that Plaintiff never had an agreement of any sort whatsoever
10 with Defendants, and each of them and/or Fremont Home Loan Corporation, Littion Loan
11 Servicing LP or anyone else regarding the financing or refinancing of Plaintiff's Property located
12 at 440 E. 44th Way Long Beach, California 90807. The property was free and clear of any
13 encumbrances prior to the fraudulent Deed of Trust and Note placed on the property through a
14 scheme on the part of Defendants and/or their Subsidiary or Control Identity, Fremont Home Loan
15 Corporation to swindle Plaintiff out of her property.

16     17. In <u>United States v. Bohonus,</u>(1980) 628 F. 2d 1167, 1172 (9th Cir.), cert. denied, 447
17 U.S. 928, 100 S.Ct. 3026, 65 L. Ed. 2d 1122. In <u>Irwin v. United States</u> (1965) 338 F.2d 770, 773,
18 (9th Cir. 1964), cert. Denied, 381 U.S. 911, 85 S.Ct. 1530, 14 L. Ed.2d 433. Here the Government
19 satisfied the requirement of proof of specific intent under 18 U.S.C. Section1341 when it proved
20 the existence of a scheme which was "reasonably calculated to deceive persons of ordinary
21 prudence and comprehension," and the intention was shown by examining the scheme itself.

22     18. Under California Law it distinguishes between fraud in the "execution" or fraud in the
23 "inception" of a contract and fraud in the "inducement" of a contract. In the former case the fraud
24 goes to the inception or execution of the agreement, so that the promisor is deceived as to the
25 nature of the act, and actually does not know what he or she is signing or does not intend to enter

26
27                                    4
28                      COMPLAINT IN ADVERSARY PROCEEDING

000079

1 into a contract at all, mutual assent is lacking, and the contract is void.

2    19. In such a case the contract may be disregarded without the necessity of rescission.
3 Fraud in the inducement, by contrast, occurs when the promisor knows what he or she is signing
4 but consent is induced by fraud, mutual assent is present, and a contract is formed, but the
5 contract, by reason of the fraud, is voidable.

6    20. However, what a contract is structured and formed without the knowledge of the party
7 who is bound by the fraud, in such a case the contract must be disregarded without the necessity
8 of rescission and is voidable.

9    21. Here the Plaintiff never received a loan from Fremont Home Loan Corporation, in fact
10 Plaintiff House was free and clear with all prior mortgages paid off by September 2006, there was
11 no reason for Plaintiff to take out a loan on her property.

12    22. Plaintiff never received a Note, Deed of Trust, made any payments whatsoever on the
13 alleged Fremont Loan, in fact the first time Plaintiff became aware of a Fremont encumbrance on
14 her property was when Plaintiff was made aware of the default and Notice of Trustee's Sale on
15 her property in 2010.

16    23. Fremont's intention right from the start was to defraud Plaintiff out of her 44 Way,
17 Long Beach Property. The fraudulent and deceitful actions by Fremont were done with the
18 knowledge of its falsity, ("scienter"), and an intent to defraud, i.e., to induce justifiable reliance
19 upon a representation of facts that the defendants knew wasn't true.

20    24. As a proximate result of Fremont their fraud and deceit as herein alleged, Plaintiff has
21 suffered substantial damages in an amount according to proof at the time of trial. The afore
22 mention conducts of Defendants, and each of them, was actual fraud thereby depriving Plaintiff of
23 total control of her property which again was free and clear of any encumbrances until those put
24 on Plaintiff's Property by fraudulent means, as to justify an award of exemplary and punitive
25 damages.

26
27                                    5
28            COMPLAINT IN ADVERSARY PROCEEDING

## SECOND CAUSE OF ACTION

(Quiet Title Re: 440 E. 44th Way Long Beach, California v. Fremont Home Loan Trust 2006-C, HSBC Bank USA, National Association, As Trustee Under the Pooling and Servicing Agreement Dated as of September 1, 2006. Litton Loan Servicing LP)

25. Plaintiff incorporate by reference each and every allegation contained in Paragraph 1 through 24 above as though fully set forth herein.

26. The base of Plaintiff's title is a Grant Deed to an unmarried woman as her sole and separate Property in fee simple to Plaintiff

27. Plaintiff alleges that Defendant, and each of them, claims an interest averse to Plaintiff in the above described property pursuant to a Trustee Deed recorded on July 26, 2006, in the Los Angeles County Recorders Office as Instrument No. 06 1650410 in Book   Page   of Official Records in the Office of the Recorder of Los Angeles County; California.

28. A notice of default was filed on the Plaintiff's property and was also recorded in the Los Angeles County Recorders Office. A notice of Trustees Sale was also filed causing Plaintiff to file an emergency Bankruptcy in the Central District of California to stop the fraudulent sale of Plaintiff's Property.

29. The Defendants, and each of them, conduct was intentional and with an actual intent to commit fraud thereby stealing the Plaintiff 440 44th Way Street Property with total disregards of Plaintiff's rights to a clear and just title in the same property thereby justifying an award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

(Injunctive Relief v. Fremont Home Loan Trust 2006-C; HSBC Bank USA, National Association, as Trustee under the Pooling and Servicing Agreement Dated as of September 1, 2006; Litton Loan Servicing LP)

30. Plaintiff Incorporate by reference each and every allegation contained in Paragraph 1

1 through 29 above as though fully set forth herein.

2     31. In or about _____ Plaintiff was served with a notice of Trustees Sale on Plaintiff's 440
3 44th Way Long Beach, California and Defendant's seek to proceed to sale on Defendants, an each
4 of them, fraudulent Deed of Trust executed on July 18, 2006.

5     32. Defendants will attempt to proceed to sale on Plaintiff's property even over the Federal
6 Court Automatic Stay which is currently in full force and effect.

7     33. An owner may bring an action against his/her lender for, inter alia, equitable relief.
8 Plaintiff seeks a Preliminary Injunction from this Court to prevent Defendants, and each of them,
9 from transferring the property located at 440 E 44 th Way Long Beach, California 90807.

10     34. Plaintiff further seeks a Permanent Injunction requiring Defendants, and each of them,
11 to reconvey the 44th Way Property back over to Plaintiff wiping out the fraudulent Trustees Deed
12 acquired by the Defendants herein.

13     35. Alternatively, Plaintiff seeks a Court order cancelling the Trustees Deed acquired by
14 Defendants and recorded in the Los Angeles County Recorders Office as Instrument Number 06
15 1650410. Defendants, and each of them, actions were intentional and Plaintiff request an order
16 forthwith restraining the Defendants their agents, employees from any further attempts to proceeds
17 to sale on the Plaintiff's Long Beach Property.

18 <center>FOURTH CAUSE OF ACTION</center>

19 (Unjust Enrichment v. Fremont Home Loan Trust-C, HSBC Bank USA, National
20 Association, as Trustee Under the Pooling and Servicing Agreement Dated as of September 1,
21 2006, Litton Loan Servicing LP).

22     36. Plaintiff incorporates by reference each and every allegation contained in Paragraph 1
23 through 35 above as though fully set forth herein.

24     37. I~~d~~efendants, and each of them, are ~~not~~ ordered to dismiss the Notices of Sale on
25 Plaintiff's property and pay Plaintiff for the bad conduct as set forth above, Defendants will be

---

7

COMPLAINT IN ADVERSARY PROCEEDING

000082

1 unjustly enriched at the expense of Plaintiff and the unlawful acts by Defendants, and each of
2 them as stated above.
3     THEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as
4 follows:

On the First Cause of Action:

1. For Compensatory and Punitive damages in excess of $2,000.000.00
2. For cost of suit incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

On the Second Causes of Action:

1. For Punitive damages in excess of $1,000,000.00;
2. For Exemplary and Compensatory damages in excess of 1,000.000.00;
3. For cost of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

On the Third and Fourth Causes of Action:

1. For damages according to proof at the time of trial;
2. For cost of suit incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

Dated: June 26, 2015

*/s/ Sharon King*
Sharon King

---

8

COMPLAINT IN ADVERSARY PROCEEDING

FORM B104 (08/07)                                                           2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
SHARON K. KING

**DEFENDANTS**
Ocwen Bank, HSBC Bank USA. NA. Ettton Loan Fremont Home Loan 2006-C

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
440 E. 44th Way
Long Beach, CA 90807

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Illegal process - Fraud and Forgery committed by Banks. Identity Theft. Unlicensed to perform foreclosure in California as of HSBC Bank and all others.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☒ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☒ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☒ Check if a jury trial is demanded in complaint                  Demand $ 1,000,000,000

**Other Relief Sought**
Extended Stay
No Assets, no Debt.

FILED
JUN 26 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:          Deputy Clerk

FORM B104 (08/07), page 2                                                          2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR SHARON K. KING ||| BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING Central Los Angeles || DIVISIONAL OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF SHARON K. KING | DEFENDANT Ocwen Bank, HSBC Bank USA NA, Litton Loan, Vermont Home 2006-C || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING Central Los Angeles || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Sharon K. King* ||||
| DATE June 26, 2015 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) SHARON K. KING ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.